FILED: 12/22/2022 2:51 PM
David Trantham
Denton County District Clerk
By: Aime Sanchez, Deputy

22-10864-431

CAUSE NO. _____

| | | |
|---|---|---|
| **RICKY WELLS,** *Plaintiff,* | § § § § § § § § § | **IN THE DISTRICT COURT** |
| vs. | | _____ **JUDICIAL DISTRICT** |
| **CNA FINANCIAL CORPORATION DBA CNA,** *Defendant.* | | **DENTON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **COMES NOW**, the above captioned Plaintiff complaining of and against the above captioned Defendant, and for cause of action would respectfully show the Court as follows:

**DISCOVERY CONTROL PLAN**

   1. Plaintiff intends that discovery be conducted under **Level 2** as provided by TEX. R. CIV. P. 190, and affirmatively pleads that this suit is NOT governed by the expedited-action process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $250,000.

**CLAIM FOR RELIEF**

   2. Plaintiff prefers to have the judge or jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the judge or jury's hands. However, Rule 47 of the Texas Rules of Civil Procedure *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, Plaintiff states that relief over $250,000 but not more than $2,000,000, in amount to be determined by the judge or jury, is being sought.

Plaintiff's Original Petition                                                                                          Page 1

**EXHIBIT A-2**

## PARTIES

3.  <u>Plaintiff:</u> Ricky Wells is an individual residing in Krum, Texas, whose driver's license number ends in 308 and whose Social Security number ends in 596.

4.  <u>Defendant:</u> CNA Financial Corporation dba CNA is a Delaware corporation whose home office address is 333 S. Wabash Avenue, Chicago, Illinois 60604. The Defendant engages in business in Texas and has done so at all material times but does not maintain a place of regular business in Texas or a designated agent on whom process can be served, Defendant can be served with process through the Texas Secretary of State. The Texas Secretary of State can be served at James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701 or wherever said agent may be located within the State of Texas. **<u>Issuance of citation is requested at this time.</u>**

5.  Plaintiff specifically invokes the right to institute suit against Defendant, CNA Financial Corporation dba CNA, under the name CNA or any other name which has been used to designate it. Plaintiff expressly invokes their right under Rule 28 of the Texas Rules of Civil Procedure to have the correct or true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included in this pleading, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of the parties named in this pleading.

## JURISDICTION & VENUE

6.  This Court has jurisdiction over the subject matter of this lawsuit because the amount in controversy is within the jurisdictional limits of this Court. The Court has personal jurisdiction over the Defendant because it is licensed to issue insurance policies by the State of Texas.

**EXHIBIT A-2**

7. Pursuant to Tex. Civ. Prac. & Rem. Code § 15.001 *et. seq.*, venue is proper in Denton County, Texas because the cause of action occurred in whole or in part in said county and/or said county is a Defendant's county of residence.

## FACTUAL BASIS SUPPORTING CLAIMS FOR RELIEF

8. On or about March 22, 2021, Plaintiff was traveling Northbound on Masch Branch Road, Denton County, Texas. Abanda Mongo, was traveling Eastbound on W. University Drive when they ran a red light causing a collision with the Plaintiff's vehicle. Abanda Mongo is an uninsured motorist. Plaintiff had a policy of insurance issued by Defendant, CNA Financial Corporation dba CNA, including Uninsured Motorist coverage. Plaintiff suffered serious and disabling personal injuries in this collision.

9. Plaintiff was covered by an automobile insurance policy issued by Defendant, CNA Financial Corporation dba CNA. The policy provided Plaintiff with coverage for personal injuries arising from a motor vehicle incident with an uninsured motorist. On or about May 17, 2022, Plaintiff, Ricky Wells, demanded Defendant, CNA Financial Corporation dba CNA, pay him uninsured benefits under the subject policy. All prerequisite conditions for Plaintiff's claims had been satisfied at that time. To date, Defendant, CNA Financial Corporation dba CNA, has not honored its contractual obligations to Plaintiff under the policy. Specifically, Defendant, CNA Financial Corporation dba CNA, has not honored its contractual obligation to pay Plaintiff's reasonable and necessary medical expenses and other damages in excess of the policy limits secured from an uninsured, negligent motorist. Further, Defendant, CNA Financial Corporation dba CNA, has also failed to fulfill its obligation under Texas Law by, among other things, failing to promptly investigate and pay Plaintiff's claims.

**EXHIBIT A-2**

## NEGLIGENCE OF UNINSURED DRIVER, ABANDA MONGO

10. Abanda Mongo, had a legal duty to exercise ordinary care; that is, Abanda Mongo had a duty to exercise that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

11. On the occasion in question, Abanda Mongo, negligently, carelessly, and recklessly disregarded and breached that legal duty to exercise ordinary care, in one or more or all of the following acts of negligence:

(1) Failing to identify, predict, decide and execute evasive maneuvers appropriately so as to avoid collision;

(2) Failing to keep a proper lookout as a person using ordinary care would have done;

(3) Failing to maintain an assured clear distance between the vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the roadway, Defendant can safely stop without colliding with another vehicle, object, or person on or near the roadway, in violation of TEX. TRANS. CODE § 545.062;

(4) Operating a motor vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing, in violation of TEX. TRANS. CODE § 545.351(b)(1);

(5) Failing to control the speed of Defendant's vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the roadway, in violation of TEX. TRANS. CODE § 545.351(b)(2);

(6) Failing to make timely and effective application of the brakes as a person using ordinary care would have done;

(7) Operating a motor vehicle in a wilful or wanton disregard for the safety of Plaintiff, in violation of TEX. TRANS. CODE § 545.401;

(8) Failing to stop, yield or grant immediate use of an intersection to a vehicle that is within the intersection or approaching the intersection in such proximity as to be a hazard, in violation of TEX. TRANS. CODE § 545.151; and

(9) Proceeding into an intersection when it is unsafe to enter the intersection without interference or collision with traffic, in violation of TEX. TRANS. CODE § 545.151.

**EXHIBIT A-2**

12. Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of the collision made the basis of this lawsuit, resulting in personal injuries sustained by Plaintiff.

## CLAIMS FOR RELIEF AGAINST DEFENDANT

13. Defendant, CNA Financial Corporation dba CNA, is obligated to pay damages which Plaintiff is "legally entitled to recover" from the uninsured motorist pursuant to the Texas Insurance Code governing uninsured claims. That provision of the insurance code has been held to mean that an insurance company is under no contractual duty to pay benefits until after Plaintiff obtains a judgment establishing the liability and uninsured status of the other motorist. Thus, suit is hereby filed to obtain a judgment establishing the negligence and uninsured status of the other motorist, Abanda Mongo.

## CNA FINANCIAL CORPORATION DBA CNA'S BREACH OF CONTRACT AND VIOLATION OF TEXAS LAW

14. Defendant, CNA Financial Corporation dba CNA, has materially breached its contract as stipulated under the policy by failing to pay Plaintiff's uninsured benefits under the policy. It has also violated its duties under the Texas Insurance Code by, among other things, failing to promptly investigate and pay Plaintiff's claims and by refusing to discharge its duties in good faith and by fair dealing in violation of Texas Law. Moreover, Defendant, CNA Financial Corporation dba CNA, has committed unfair settlement practices in violation of the Texas Insurance Code.

**EXHIBIT A-2**

15.     Plaintiff properly and timely notified Defendant about the collision, damages and his demand for benefits under the policy. On or about May 17, 2022, Plaintiff, Ricky Wells, demanded Defendant, CNA Financial Corporation dba CNA, pay uninsured benefits under the subject policy.

16.     Defendant, CNA Financial Corporation dba CNA's failure to timely pay Plaintiff's uninsured benefits constitutes a violation of Sec. 542.058 of the Texas Insurance Code. In addition to his claim for uninsured benefits, Plaintiff is entitled to interest on the amount of his claim at the rate of 18% a year as damages, together with reasonable attorney's fees. Tex. Ins. Code § 542.060.

17.     Defendant, CNA Financial Corporation dba CNA, owed Plaintiff a fiduciary duty because of the relationship that existed between them at the time of Plaintiff's claim for benefits. Defendant, CNA Financial Corporation dba CNA, was obligated to act in good faith and deal fairly with Plaintiff. Defendant, CNA Financial Corporation dba CNA, breached these duties by knowingly and intentionally denying Plaintiff the uninsured benefits to which he was entitled under the policy.

18.     Defendant, CNA Financial Corporation dba CNA, knew or should have known that there was no reasonable basis for denying Plaintiff's claims. Further, Defendant, CNA Financial Corporation dba CNA, has breached its duty of good faith and fair dealing by engaging in unfair and improper settlement practices. Defendant, CNA Financial Corporation dba CNA, has not made any settlement offer, or has made an improper settlement offer, based on the results of a poorly conducted investigation of the incident, injuries, and damages giving rise to Plaintiff's claims.

19.     Further, Defendant, CNA Financial Corporation dba CNA, has violated §542.003 (4) of the Texas Insurance Code by not attempting in good faith to effect a prompt fair and equitable settlement of a claim submitted in which liability has become reasonably clear.

**EXHIBIT A-2**

20. Defendant, CNA Financial Corporation dba CNA, is also in violation of §541.060 (a) of the Texas Insurance Code by committing an unfair method of competition or an unfair or deceptive act or practice in the business of insurance by engaging in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

(1) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim respect to which the insurer's liability has become reasonably clear;

(2) Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(3) Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

(4) Delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss forming the basis of the claim.

21. Defendant, CNA Financial Corporation dba CNA, has knowingly and intentionally committed these violations. Therefore, Plaintiff is entitled to treble damages, court costs and reasonable attorney's fees, pursuant to §541.152 of the Texas Insurance Code.

**DAMAGES FOR PLAINTIFF**

22. As a direct and proximate result of the collision caused by Defendant, Abanda Mongo, Plaintiff, Ricky Wells, suffered serious and disabling personal injuries.

23. Plaintiff, Ricky Wells, has incurred the following damages:

(1) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident made the basis of this lawsuit and such charges are reasonable and were usual and customary charges for such services;

(2) Reasonable and necessary medical expenses in the future;

(3) Physical pain, suffering, and mental anguish in the past and future;

**EXHIBIT A-2**

(4) Physical impairment in the past and future;

(5) Lost wages in the past;

(6) Loss of earning capacity which will, in a probability, be incurred in the future;

(7) Damage to the personal property of Plaintiff;

(8) Loss of use; and

(9) Disfigurement in the past and future.

## CONDITIONS PRECEDENT

24. All conditions precedent have been met.

## REQUEST FOR DISCLOSURE

25. Pursuant to Texas Rule of Civil Procedure 194, each Defendant named in this pleading is required to disclose, within 30 days of filing its Answer, the information and material described in Rule 194.

## NOTICE OF INTENT TO UTILIZE ITEMS PRODUCED BY DEFENDANT

26. Plaintiff hereby gives notice of intent to utilize any and all items produced in discovery in the trial of this matter, therefore the authenticity of such items is self-proved as provided by TEX. R. CIV. P. 193.7.

## DESIGNATION OF E-SERVICE ADDRESS

27. The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21 (f)(2) and 21a:

**lit-efile@attorneykohm.com**

28. This is the undersigned attorney's only e-service email address, and service through any other e-mail address should be considered invalid.

---

**Plaintiff's Original Petition**  Page 8

**EXHIBIT A-2**

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendant for the following:

1) All damages, both general and special, as alleged in this pleading, within the jurisdictional limits of this court;

2) Prejudgment and post judgment interest at the highest rate allowed by law;

3) Costs of court; and

4) Such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

By: _____
**David S. Kohm**
State Bar No. 11658563

**DAVID S. KOHM & ASSOCIATES**
1414 W. Randol Mill Road, Suite 118
Arlington, Texas 76012
Tel: (817) 226-8100 Fax: (817) 200-0111
Email: lit-efile@attorneykohm.com

ATTORNEYS FOR PLAINTIFF

**EXHIBIT A-2**

FILED: 1/18/2023 2:15 PM
David Trantham
Denton County District Clerk
By: Jessica Godwin, Deputy

E-Served via EFile.TXCourts.gov on 12/30/2022 11:25 AM

# CITATION – TRC 99 and 106

THE STATE OF TEXAS                                    COUNTY OF DENTON

**CAUSE NO. 22-10864-431**

TO: CNA Financial Corporation d/b/a CNA, by serving Texas Secretary of State, James E. Rudder Building, 1019 Brazos, Room 105, Austin, Texas 78701, and by forwarding to 333 S. Wabash Avenue, Chicago, IL 60604, (or wherever he/she may be found)

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may also be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

| Court: | 431st Judicial District Court<br>1450 E. McKinney, 4th Floor, Denton, TX 76209 |
|---|---|
| Cause No.: | 22-10864-431 |
| Date of Filing: | December 22, 2022 |
| Document: | Plaintiff's Original Petition |
| Parties in Suit: | Ricky Wells; CNA Financial Corporation |
| Clerk: | David Trantham, District Clerk, 1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | David S. Kohm<br>1414 W. Randol Mill Road, Ste. 118, Arlington, TX 76012 |

Issued under my hand and seal of this said court on this the 30th day of December, 2022.

David Trantham, District Clerk
Denton, Denton County, Texas

BY: _Lea Fru_____ Deputy
Lea Blevins

## Service Return

Came to hand on the 3 day of January, 20 23, at 10:30A m., and executed on the 9th day of January, 2023, at 8:01 AM by delivering to the within named CNA Financial Corporation d/b/a in person a true copy of this citation, with attached copy(ies) of the Plaintiff's Original Petition, at CNA, by serving Texas Secretary of State PO Box 12079 Austin TX 78701.

Service Fee: $ 80    By ampRR 70222410000272455605

                                          Dallas          County, Texas  Sheriff/Constable

Service ID No. 19969 Exp. 6/30/23           Deputy/Authorized Person

## VERIFICATION

On this day personally appeared Daisy Garcia known to me to be the person whose name is subscribed on the foregoing instrument and who has stated: upon penalty of perjury, I attest that the foregoing instrument has been executed by me in this cause pursuant to the Texas Rules of Civil Procedure. I am over the age of eighteen years and I am not a party to or interested in the outcome of this suit, and have been authorized by the Denton County Courts to serve process.

Subscribed and sworn to before me on this the 16 day of January, 2023
Carrie M. Dean Notary Public

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

Copy from re:SearchTX

**EXHIBIT A-3**



Copy from re:SearchTX

**EXHIBIT A-3**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 71904960
Status as of 1/24/2023 8:56 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David S.Kohm | | lit-efile@attorneykohm.com | 1/18/2023 2:15:55 PM | SENT |

Copy from re:SearchTX

**EXHIBIT A-3**