IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RICKY WELLS,<br>    *Plaintiff*,<br>vs.<br><br>CNA FINANCIAL CORPORATION DBA<br>CNA and VALLEY FORGE INSURANCE<br>COMPANY,<br>    *Defendants*. | Civil Action No. 4:23cv143<br>Judge Mazzant |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, the above captioned Plaintiff complaining of and against the above captioned Defendants, and for cause of action would respectfully show the Court as follows:

### CLAIM FOR RELIEF

1. Plaintiff prefers to have the judge or jury determine the fair amount of compensation for Plaintiff's damages, and Plaintiff places the decision regarding the amount of compensation to be awarded in the judge or jury's hands. Plaintiff states that relief over $250,000 but not more than $1,000,000, in amount to be determined by the judge or jury, is being sought.

### PARTIES

2. <u>Plaintiff</u>: Ricky Wells is an individual residing in Krum, Texas, whose driver's license number ends in 308 and whose Social Security number ends in 596.

3. <u>Defendant</u>: CNA Financial Corporation dba CNA is a Delaware corporation whose home office address is 333 S. Wabash Avenue, Chicago, Illinois 60604. The Defendant engages in business in Texas and has done so at all material times but does not maintain a place of regular

business in Texas or a designated agent on whom process can be served, Defendant can be served through its attorney of record, Anthony S. Cox, 700 N. Pearl Street, Suite 450, Dallas, Texas 75201.

4. Defendant: Valley Forge Insurance Company is an insurance company organized and existing under the laws of the State of Pennsylvania with its principal place of business in the State of Illinois. Valley Forge Insurance Company may be served through its agent for service of process, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201. **Issuance of citation is requested at this time**.

5. Plaintiff specifically invokes the right to institute suit against Defendants, CNA Financial Corporation dba CNA, under the name CNA, and Valley Forge Insurance Company, or any other name which has been used to designate them. Plaintiff expressly invokes their right under Rule 15 of the Federal Rules of Civil Procedure to have the correct or true name of this party substituted at a later time upon the motion of any party or of the Court. In the event any parties are misnamed or not included in this pleading, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of the parties named in this pleading.

## JURISDICTION & VENUE

6. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1332 because Plaintiff is an individual that resides in Texas and Defendants are corporations with their principal places of business located in Chicago, Illinois. Furthermore, the amount in controversy exceeds $75,000.00 excluding interest and court costs.

## FACTUAL BASIS SUPPORTING CLAIMS FOR RELIEF

7. On or about March 22, 2021, Plaintiff was traveling Northbound on Masch Branch Road, Denton County, Texas. Abanda Mongo, was traveling Eastbound on W. University Drive

when they ran a red light causing a collision with the Plaintiff's vehicle. Abanda Mongo is an uninsured motorist. Plaintiff had a policy of insurance issued by Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company including Uninsured Motorist coverage. Plaintiff suffered serious and disabling personal injuries in this collision.

8. Plaintiff was covered by an automobile insurance policy issued by Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company. The policy provided Plaintiff with coverage for personal injuries arising from a motor vehicle incident with an uninsured motorist. On or about May 17, 2022, Plaintiff, Ricky Wells, demanded Defendant, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, pay him uninsured benefits under the subject policy. All prerequisite conditions for Plaintiff's claims had been satisfied at that time. To date, Defendant, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, have not honored their contractual obligations to Plaintiff under the policy. Specifically, Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, have not honored its contractual obligation to pay Plaintiff's reasonable and necessary medical expenses and other damages in excess of the policy limits secured from an uninsured, negligent motorist. Further, Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, have also failed to fulfill their obligation under Texas Law by, among other things, failing to promptly investigate and pay Plaintiff's claims.

### NEGLIGENCE OF UNINSURED DRIVER, ABANDA MONGO

9. Abanda Mongo, had a legal duty to exercise ordinary care; that is, Abanda Mongo had a duty to exercise that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

10. On the occasion in question, Abanda Mongo, negligently, carelessly, and recklessly disregarded and breached that legal duty to exercise ordinary care, in one or more or all of the following acts of negligence:

(1) Failing to identify, predict, decide and execute evasive maneuvers appropriately so as to avoid collision;

(2) Failing to keep a proper lookout as a person using ordinary care would have done;

(3) Failing to maintain an assured clear distance between the vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the roadway, Defendant can safely stop without colliding with another vehicle, object, or person on or near the roadway, in violation of TEX. TRANS. CODE § 545.062;

(4) Operating a motor vehicle at a speed greater than is reasonable and prudent under the conditions and having regard for actual and potential hazards then existing, in violation of TEX. TRANS. CODE § 545.351(b)(1);

(5) Failing to control the speed of Defendant's vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the roadway, in violation of TEX. TRANS. CODE § 545.351(b)(2);

(6) Failing to make timely and effective application of the brakes as a person using ordinary care would have done;

(7) Operating a motor vehicle in a wilful or wanton disregard for the safety of Plaintiff, in violation of TEX. TRANS. CODE § 545.401;

(8) Failing to stop, yield or grant immediate use of an intersection to a vehicle that is within the intersection or approaching the intersection in such proximity as to be a hazard, in violation of TEX. TRANS. CODE § 545.151; and

(9) Proceeding into an intersection when it is unsafe to enter the intersection without interference or collision with traffic, in violation of TEX. TRANS. CODE § 545.151.

11. Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of the collision made the basis of this lawsuit, resulting in personal injuries sustained by Plaintiff.

## CLAIMS FOR RELIEF AGAINST DEFENDANTS

12. Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, are obligated to pay damages which Plaintiff is "legally entitled to recover" from the uninsured motorist pursuant to the Texas Insurance Code governing uninsured claims. That provision of the insurance code has been held to mean that an insurance company is under no contractual duty to pay benefits until after Plaintiff obtains a judgment establishing the liability and uninsured status of the other motorist. Thus, suit is hereby filed to obtain a judgment establishing the negligence and uninsured status of the other motorist, Abanda Mongo.

## CNA FINANCIAL CORPORATION DBA CNA AND VALLEY FORGE INSURANCE COMPANY'S BREACH OF CONTRACT AND VIOLATION OF TEXAS LAW

13. Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, have materially breached its contract as stipulated under the policy by failing to pay Plaintiff's uninsured benefits under the policy. Defendants have also violated their duties under the Texas Insurance Code by, among other things, failing to promptly investigate and pay Plaintiff's claims and by refusing to discharge its duties in good faith and by fair dealing in violation of Texas Law. Moreover, Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, have committed unfair settlement practices in violation of the Texas Insurance Code.

14. Plaintiff properly and timely notified Defendant about the collision, damages and his demand for benefits under the policy. On or about May 17, 2022, Plaintiff, Ricky Wells, demanded Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, pay uninsured benefits under the subject policy.

15. Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company's failure to timely pay Plaintiff's uninsured benefits constitutes a violation of Sec. 542.058

of the Texas Insurance Code. In addition to his claim for uninsured benefits, Plaintiff is entitled to interest on the amount of his claim at the rate of 18% a year as damages, together with reasonable attorney's fees. Tex. Ins. Code § 542.060.

16. Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, owed Plaintiff a fiduciary duty because of the relationship that existed between them at the time of Plaintiff's claim for benefits. Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, were obligated to act in good faith and deal fairly with Plaintiff. Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, breached these duties by knowingly and intentionally denying Plaintiff the uninsured benefits to which he was entitled under the policy.

17. Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, knew or should have known that there was no reasonable basis for denying Plaintiff's claims. Further, Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, have breached their duties of good faith and fair dealing by engaging in unfair and improper settlement practices. Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, have not made any settlement offer, or have made an improper settlement offer, based on the results of a poorly conducted investigation of the incident, injuries, and damages giving rise to Plaintiff's claims.

18. Further, Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, have violated §542.003 (4) of the Texas Insurance Code by not attempting in good faith to effect a prompt fair and equitable settlement of a claim submitted in which liability has become reasonably clear.

19. Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, are also in violation of §541.060 (a) of the Texas Insurance Code by committing an unfair method of competition or an unfair or deceptive act or practice in the business of insurance by engaging in the following unfair settlement practices with respect to a claim by an insured or beneficiary:

(1) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim respect to which the insurer's liability has become reasonably clear;

(2) Failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(3) Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

(4) Delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss forming the basis of the claim.

20. Defendants, CNA Financial Corporation dba CNA and Valley Forge Insurance Company, have knowingly and intentionally committed these violations. Therefore, Plaintiff is entitled to treble damages, court costs and reasonable attorney's fees, pursuant to §541.152 of the Texas Insurance Code.

## DAMAGES FOR PLAINTIFF

21. As a direct and proximate result of the collision caused by Defendants, Abanda Mongo, Plaintiff, Ricky Wells, suffered serious and disabling personal injuries.

22. Plaintiff, Ricky Wells, has incurred the following damages:

(1) Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident made the basis of this lawsuit and such charges are reasonable and were usual and customary charges for such services;

(2) Reasonable and necessary medical expenses in the future;

(3) Physical pain, suffering, and mental anguish in the past and future;

(4) Physical impairment in the past and future;

(5) Lost wages in the past;

(6) Loss of earning capacity which will, in a probability, be incurred in the future;

(7) Damage to the personal property of Plaintiff;

(8) Loss of use; and

(9) Disfigurement in the past and future.

## CONDITIONS PRECEDENT

23. All conditions precedent have been met.

## DESIGNATION OF E-SERVICE ADDRESS

24. The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled:

### lit-efile@attorneykohm.com

25. This is the undersigned attorney's only e-service email address, and service through any other e-mail address should be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendants for the following:

1) All damages, both general and special, as alleged in this pleading, within the jurisdictional limits of this court;

2) Prejudgment and post judgment interest at the highest rate allowed by law;

3)     Costs of court; and

4)     Such other and further relief to which Plaintiff may be entitled at law or in equity.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Date of signing: *3/27/2023*

Respectfully submitted,

By:   */s/ David S. Kohm*
     **David S. Kohm**
     State Bar No. 11658563

**DAVID S. KOHM & ASSOCIATES**
1414 W. Randol Mill Road, Suite 118
Arlington, Texas 76012
Tel: (817) 226-8100  Fax: (817) 200-0111
Email: lit-efile@attorneykohm.com

ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing instrument has been e-served, mailed, faxed, or hand delivered to all attorneys of record in this cause, in compliance with the Federal Rules of Civil Procedure, on this 27th day of March, 2023.

***Via Electronic Service***
Anthony S. Cox
Corporate Litigation CNA
700 N. Pearl Street, Suite 450
Dallas, TX 75201
Anthony.Cox@cna.com

/s/*David S. Kohm*
**David S. Kohm**